IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. McCARTHY,                :
    Petitioner
                              :

    vs.                          :   CIVIL NO. 1:CV-07-1052

                              :
WARDEN USP LEWISBURG,
    Respondent            :

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    John J. McCarthy, a prisoner at USP Lewisburg, filed this petition for writ of habeas corpus (doc. 1) pursuant to 28 U.S.C. § 2241, claiming that the Bureau of Prisons failed to credit him the seven years he spent in state prison when he was transferred to federal custody.  The government filed a response (doc. 9), and McCarthy filed a brief in reply (doc. 10).  We will dismiss McCarthy's petition for his failure to exhaust administrative remedies.

    The factual circumstances surrounding McCarthy's state and federal sentences are set forth in *McCarthy v. John Doe*, 146 F.3d 118, 119-20 (2d Cir. 1998) and *McCarthy v. Warden, USP Leavenworth*, 168 Fed. Appx. 276, 277 (10th Cir. 2006) (nonprecedential).  For the background relevant in the current claim, we quote from the Tenth Circuit's opinion:

> In January 1994, Mr. McCarthy was sentenced in federal district court to a term of 235

> months' imprisonment for two counts of possession of a firearm. At that time, the sentencing court was aware that Mr. McCarthy would also soon be sentenced in state court and that the state court was likely to impose its sentence to run concurrently with the federal sentence. The federal sentencing court, however, did not indicate whether the federal sentence would run concurrently with the state sentence. In April 1994, the state court sentenced Mr. McCarthy to 84 months' imprisonment to run concurrently with the federal sentence. Mr. McCarthy completed his state sentence and was transferred to federal custody for the completion of his federal sentence.
>
> By his § 2241 petition, Mr. McCarthy seeks to force the Bureau of Prisons ("BOP") to credit the time that he served in state prison to the time he must serve in federal prison-that his federal sentence should run concurrently with his state sentence.

*McCarthy*, 168 Fed. Appx. at 277.

McCarthy's current § 2241 petition again seeks to force the BOP to credit his time served in state prison to the time he must serve in federal prison. (doc. 1, p. 6). He claims that his "state seven (7) year sentence was ordered by the state court to be served concurrent to the petitioner's Federal sentence" and that by failing to credit the seven years, the BOP has improperly transformed his concurrent sentence to a consecutive sentence. (doc. 10, pp. 5-6).

In support of his petition, McCarthy has attached his request to USP Lewisburg officials seeking a *nunc pro tunc* designation of his state facility as a federal prison. Such a designation would allow McCarthy to serve his state and federal

sentences concurrently. (doc. 1, ex. A). He has also attached the BOP's response, advising him that his request would be forwarded to the Designation and Sentence Computation Center for review. *Id*. ex. B.

In response, the government argues that unless the sentencing court orders multiple terms of imprisonment to run concurrently, they are to run consecutively. (doc. 9, p. 5). In support of this argument, the government has attached the penalty of perjury declaration of Benito Cereceres, a BOP official, reciting the same rationale. Both the government and Cereceres, however, note that the BOP "will generate a nunc pro tunc request to the sentencing court on inmate McCarthy's behalf to confirm the sentencing judge's intention of this issue." (doc. 9, p. 4, n.1).

We will dismiss McCarthy's claim as it is clear that he has not yet exhausted his administrative remedies. The government's brief and declaration as well as the exhibits attached to McCarthy's petition show that the BOP has not yet made a decision regarding McCarthy's request for a *nunc pro tunc* designation. McCarthy may challenge either the BOP's refusal to consider his request or its decision to deny the request. *See Barden v. Keohane*, 921 F.2d 476, 478, 483 (3d Cir. 1990) (recognizing that a prisoner is entitled to have the BOP consider his request for *nunc pro tunc* designation and explaining that review of the denial of such a request is

governed by an abuse of discretion standard).  It is clear, however, that the BOP has not made a final decision with respect to his request.  Without a decision by the BOP, we cannot determine whether the BOP gave the request full and fair consideration.[1]

AND NOW, this 27th day of August, 2007, upon consideration of Plaintiff John J. McCarthy's petition pursuant to 28 U.S.C. § 2241 (doc. 1), it is ordered that the petition is dismissed.  The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

[1]  In dismissing McCarthy's § 2241 petition, we note that on two prior occasions, McCarthy appears to have been denied the *nunc pro tunc* designation he now seeks.  In *McCarthy v. Warden USP Leavenworth*, 168 Fed. Appx. 276 (10th Cir. 2006), the Tenth Circuit concluded that the BOP did not abuse its discretion in denying McCarthy's request to designate his state institution for service of his federal sentence.  *Id*. at 277.  In *McCarthy v. John Doe*, 146 F.3d 118 (2d Cir. 1998), McCarthy claimed that the BOP refused to exercise its discretion to consider his request and that it erred in denying his request.  The Second Circuit, limiting its decision to whether the BOP should have considered the request, remanded the matter, instructing the BOP to give his request full and fair consideration.  *Id*. at 123.  On remand, the BOP denied McCarthy's request for *nunc pro tunc* designation.  *McCarthy v. Warden*, 168 Fed. Appx. at 277 (discussing proceedings in McCarthy's Second Circuit case).

We summarize these proceedings to highlight that any subsequent § 2241 petition claiming that the BOP abused its discretion by denying McCarthy's request for *nunc pro tunc* designation may be subject to consideration for abuse of the writ of habeas corpus.  *See e.g., Abdel-Whab v. Sec'y of Dep't of Homeland Sec.*, 132 Fed. Appx. 988 (3d Cir. 2005) (nonprecedential) (noting that "§ 2241 petitions are still within the ambit of the abuse of the writ doctrine as set forth by the Supreme Court in *McCleskey v. Zant*, 499 U.S. 467, 491-92, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)").